**15**

| Arthur C. Stone | |
|---|---|
| vs. | Eq. No. 4198 |
| George Briggs, Jr., et al | |

October 25, 1917

TANNER, P. J. This is a bill is equity in which a minority stockholder seeks to enjoin the company and the directors from expending further capital in the development of a telephone enterprise which is a department of the business conducted by the corporation. The bill is heard upon prayer for a preliminary injunction.

We do not find that actions complained of are either ultra vires or illegal. The only extent to which courts can restrain the action of directors where their acts are neither ultra vires nor illegal is where such acts are fraudulent, grossly negligent,

or would clearly and certainly wreck the corporation and make it insolvent.

We do not find anything fraudulent in the acts of the directors. It is claimed, however, that the liquid assets of the company are so small that further expenditures upon the telephone enterprise will render the company insolvent.

It has been testified to without contradiction that the telephone enterprise has now been placed upon a paying basis and shows profits and is taking care of itself. The balance sheet of August 31st last shows that while the liabilities which will have to be met amount to about $33,000, the cash, notes receivable and accounts receivable, with deduction for possible loss, amount to nearly $90,000. Presumably, therefore, the corporation, according to the custom of business could easily borrow money enough upon these sufficiently liquid assets , to say nothing of its stock and equipment, to take care of its liabilities as they accrue. The large expenditure of $133,000, or thereabouts, upon the development of the telephone enterprise of which the complainant complains, does not seem to have resulted in injury to the company. There is no definite evidence of intention upon the part of the directors to expend any particular sums of money upon the further development of the telephone enterprise and no definite evidence that they intend to expend more than the profits of the enterprise would warrant. While we may doubt the wisdom of continuing to expend money in the proportion in which it has already been spent upon this development, even if we were satisfied that there was such an intention we could not interfere with the business judgment of the directors unless we were satisfied that their contemplated actions were clearly fraudulent or would clearly result in wrecking the company. We are not so satisfied and must therefore deny the injunction.

For complainant:  J. J. Hahn.

For respondents:  Swan & Keeney.